

Signed May 18, 2007.

_____
Ronald B. King
United States Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DANIEL RAY BRADLEY AND | § | CASE NO. 06-51740-RBK |
| MARY LOU BRADLEY, | § | |
| | § | |
| DEBTORS | § | CHAPTER 7 |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

In connection with the Order denying the Trustee's Motion to Approve Compromise, the Court hereby makes the following Findings of Fact and Conclusions of Law pursuant to FED. R. BANKR. P. 7052 and 9014:

FINDINGS OF FACT

1. Daniel and Mary Bradley filed a Chapter 7 petition on September 5, 2006. Helen G. Schwartz is the Chapter 7 Trustee.

2. Mr. Bradley is pursuing an employment termination claim against Southwest RV Center for age discrimination. The Debtors claimed federal exemptions and attempted to exempt all or part of the pending EEOC claim. The Trustee filed a timely objection to this exemption, and

an agreed order was signed abating the Trustee's objection to the exemption until resolution of the Debtors' cause of action against Southwest RV Center. The termination claim is currently owned jointly by the Chapter 7 estate and the Debtors.

3. Mr. Bradley retained Maricela Cavazos to represent him, on a prepetition contingency fee basis, in the employment matter. The Trustee also filed an application to employ Ms. Cavazos as special counsel to pursue the age discrimination cause of action under a contingency fee arrangement, which was approved by this Court.

4. Mr. Bradley was employed for approximately two years by Camping World, a recreational vehicle sales outlet in New Braunfels, Texas, as the Finance and Insurance Manager. In January 2004, Camping World was acquired by Southwest RV Center, and Mr. Bradley was offered employment by Southwest RV in the same capacity. Mr. Bradley's understanding of the effect on his employment status was that it was a "transfer" and that his seniority, vacation and other benefits would remain the same. Mr. Bradley was not required to fill out a job application with Southwest RV. Two months later, Mr. Bradley, who was then over 50 years of age, had his employment terminated and was replaced by a twenty-two year old individual. At the time of termination, Mr. Bradley's annual compensation was approximately $77,000. Mr. Bradley filed for unemployment compensation with the Texas Workforce Commission (TWC). Over the course of three hearing dates, Southwest RV presented the reasons for termination as failure to mail a document and loss of a certificate of title. Mr. Bradley claims that these are pretextual reasons. The TWC, however, found that cause existed through mismanagement of position by action or inaction. Mr. Bradley appealed that finding twice to separate panels of the TWC. Each panel affirmed the original TWC finding.

5. After receiving a right to sue letter from the EEOC, Mr. Bradley filed suit in state court in Comal County. The alleged damages are in an unliquidated amount. Southwest RV offered to settle the claim for $10,000, which Mr. Bradley refused. Discovery continued, with the major portion of discovery being completed. As deposition scheduling was about to commence, Southwest RV again suggested settlement discussion, ultimately offering $50,000.

6. The age discrimination lawsuit would be tried to a Comal County jury. In a best case scenario for Mr. Bradley, if the jury finds age discrimination under the Texas Labor Code, future wages from the firing in 2004 to present are approximately $230,000. Mr. Bradley has previously sought psychiatric treatment after the termination, but the extent and duration were not disclosed to the Court. Emotional distress damages, however, are capped by statute at $50,000, based on the number of employees of Southwest RV. The Social Security Administration has found Mr. Bradley is disabled and has approved benefits. If the jury finds malicious and willful conduct and a pattern of conduct, attorney's fees are also recoverable. Mr. Bradley's counsel stated that the venue is probably favorable because of the many retirees in Comal County.

7. Mr. Bradley stated that he was worried about continuing employment after Southwest RV's acquisition "knowing he [Jim] didn't like older employees." One older employee had already been terminated. Then another older employee was terminated. Mr. Bradley's opinion was that he was retained only to help with a large upcoming sale for which they needed help, and for which no other employees were qualified. Mr. Bradley also stated that he will produce witnesses in the state court litigation to testify that "Jim's" warnings presented at the TWC hearings, other than the first warning concerning a lost contract, were fabricated.

8. In a worst case scenario for Mr. Bradley, if the jury does not find in his favor, the defendant may seek recovery of attorney's fees and expert's fees. Because emotional distress damages are disputed, the defendant would likely request that Mr. Bradley submit to a mental examination. Southwest RV urges that it proved misconduct and obtained TWC findings to that effect. It will also assert failure to mitigate as a defense. Post termination, Mr. Bradley obtained employment from Cavender Chevrolet, which he left voluntarily. No facts were introduced as to when that employment began or ended, or the details of the position, salary, benefits, or reason for leaving.

9. In February 2007, the Trustee informed Ms. Cavazos that she desired to settle the entire claim for $50,000. This was communicated to counsel for Southwest RV. The Debtor did not agree to the settlement terms and a few weeks later had a conversation with the Trustee resulting in the Trustee's agreement to go to trial. Southwest RV asserted to the Trustee that a verbal agreement had been reached. The Trustee then filed a Motion to Approve Compromise in a good faith effort to honor the verbal settlement, which was subject to court approval. The allocation of the proposed $50,000 settlement to be paid by Southwest RV is:

| | |
|---|---|
| Attorney fees to Ms. Cavazos | $20,000.00 |
| Costs to Ms. Cavazos | $    602.77 |
| Bankruptcy estate | $12,000.00 |
| Debtor, Mr. Bradley | $17,397.23 |

### CONCLUSIONS OF LAW

1. This Court has jurisdiction and venue of this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Standing Orders of Reference of the District Court. A motion by a trustee under Rule 9019 is a core proceeding. 28 U.S.C. § 157(b)(2)(O).

2. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. FED. R. BANKR. P. 9019 provides:

>   (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

4. A bankruptcy court should approve a settlement under Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. In making that determination, the court must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation. The court must evaluate (1) the probability of success in the litigation with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of the compromise. ***Rivercity v. Herpel* (*In re Jackson Brewing Co.*)**, 624 F.2d 599, 602 (5th Cir. 1980) (citing ***Protective Comm. for Indep. Stkhldrs. of TMT Trailer Ferry v. Anderson***, 390 U.S. 414, 424-25 (1968)). Under the first factor, the court does not conduct a mini-trial, but the court does apprise itself of the relevant facts and law to make an informed decision. Under the third category, the court should consider the best interest of creditors, with proper deference to their reasonable views. ***In re Cajun Elec. Power Co-op.***, 119 F.3d 349, 356 (5th Cir. 1997); ***In re Imperial Tooling & Mfg.***, 314 B.R. 340, 342 (Bankr. N.D. Tex. 2004).

5. Section 327(e) permits employment of an attorney who has previously represented the debtor as "special counsel" if it is in the best interest of the estate and the special counsel "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on

5

which such attorney is to be employed." 11 U.S.C. § 327(e). Here, the Trustee is seeking approval for a settlement of $50,000. Mr. Bradley vehemently objects to the proposed settlement and wants his day in court. No creditor appeared to support or oppose the settlement. Although counsel representing both the Trustee for the estate and Mr. Bradley stated that she recommended that Mr. Bradley accept Southwest RV's settlement offer, she also informed the Court that she is conflicted concerning "who is driving the case."

***Facts under Consideration in this Compromise***.

    6.    ***Probability of Success***.

The Trustee's position is that generally, liability and damages in age discrimination cases are hard to prove, and she prefers to have a sum certain in hand. While Ms. Cavazos stated she recommended that Mr. Bradley accept the settlement and that there are "problems winning, as with any case," she also believed that the potential jury selection would be favorable and that Mr. Bradley has a *prima facie* case of age discrimination. In a cause of action under Texas law, Section 21.051 of the Texas Labor Code provides that an employer discriminates if because of age, the employer discharges an individual. Section 21.125 provides that a plaintiff need only demonstrate that age was "a motivating factor" for the practice. In order to show a *prima facie* case, the evidence must show: (1) that he is a member of a protected class, (2) that he suffered an adverse employment action, (3) that he was qualified for the job, and (4) that he was replaced by someone not in his protected class. ***Piazza v. Cinemark, USA, Inc.***, 179 S.W.3d 213 (Tex. App.–Eastland 2005 pet. struck, pet. denied) (citing ***Bowen v. El Paso Elec. Co.***, 49 S.W.3d 902, 908 (Tex. App.–El Paso 2001, pet. denied)). In Texas, the plaintiff can show the discrimination indirectly through circumstantial evidence by the "pretext" method. This *prima facie* showing would then place the burden of going forward with the

evidence on the employer to demonstrate a "legitimate, nondiscriminatory reason for the adverse employment action." If the employer produces such evidence, the presumption is rebutted, and the burden of proof is on the plaintiff to show that the stated rationale was a pretext. *Cantu v. Texas Workforce Comm'n*, 145 S.W.3d 236, 240 (Tex. App.–Austin 2004, no pet.) (citing *City of Austin Police Dep't v. Brown*, 96 S.W.3d 588, 596 (Tex. App.–Austin 2002, pet. dism'd) and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)). Mr. Bradley may be able to show pretext and a pattern of conduct. Southwest RV seems to contend that the TWC findings are preclusive, or at least persuasive, but an employment discrimination proceeding is by trial *de novo*, and a "commission finding, recommendation, determination, or other action is not binding on a court." TEX. LABOR CODE ANN. § 21.262 (Vernon 2006).

       7.     *Complexity, Expense, Inconvenience and Delay*.

The Trustee points to the complexity of age discrimination litigation in general. The Trustee employed Ms. Cavazos specifically because she is an experienced litigator in employment matters. No evidence was presented that indicates inordinate complexities in this lawsuit. Moreover, although depositions have not been taken, a major portion of the discovery has been completed. Continuing to trial will involve some further expense, but it will not require substantial expenses, and may be more than offset by increased benefit to the estate. The United States Supreme Court has stated, "Litigation and delay are always the alternative to settlement, and whether that alternative is worth pursuing necessarily depends upon a reasoned judgment as to the probable outcome of litigation." *TMT Trailer*, 390 U.S. at 434. Under the terms of the settlement, the amount allocated to the estate for the benefit of all of the creditors is $12,000. Some of the $12,000 would necessarily go to Chapter 7 administrative expenses rather than unsecured creditors. If the Bradleys prevail at

trial, the benefit to the estate would be increased, potentially paying all creditors in full. Of course, if the Bradleys do not prevail, the creditors would not receive any of the $12,000.

    8.    *__Conclusion__*.

The creditors and the United States Trustee have not objected to the proposed settlement, although that is not determinative. The creditors have shown no interest because little or no creditor payments are expected in the case. Because of the possibility of substantial recovery in the lawsuit; the small dividend to unsecured creditors under the proposed settlement; and the strong desire of the Debtors to pursue the claims at trial, the Motion to Approve the Compromise will be denied.

    9.    Any Findings of Fact which should more appropriately be characterized as a Conclusion of Law shall be considered a Conclusion of Law herein. Similarly, any Conclusion of Law which should more appropriately be characterized as a Finding of Fact shall be considered as a Finding of Fact herein.

# # #